# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JOHNNY  RAY WILLIAMS, JR. | CIVIL ACTION NO. 08-0557 |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

On April 17, 2008, Louisiana prisoner Johnny Ray Williams, Jr., appearing *pro se*, filed a civil suit in this court using the form approved for civil rights complaints under 42 U.S.C. §1983. Williams applied for and was granted permission to proceed *in forma pauperis*. Williams complains that he was falsely arrested, wrongfully imprisoned and convicted of crimes he did not commit. He seeks his immediate release from incarceration, the reversal of his conviction, and the dismissal of all charges. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the pleading be construed as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 and that it be **DENIED** and **DISMISSED WITHOUT PREJUDICE** based on Williams's failure to exhaust all available State court remedies prior to filing his petition in federal court.

### Statement of the Case

Williams's pleadings provide little in the way of background. Nevertheless, the following facts are either established or implied by his pleadings.  Williams was arrested on September 13, 2006, and charged with aggravated rape, aggravated kidnaping, and false imprisonment.

According to Williams, these charges arose out of an investigation conducted by Detective James Booth. Within 72 hours of his arrest, a probable cause hearing was convened and bond was set at $210,000 by Judge Stephens Winters.

On April 5, 2007, a bond reduction hearing was convened. Video evidence apparently negated the validity of the kidnaping charge; nevertheless, the charge was not dismissed. However, Judge Winters reduced Williams's bond to $185,000.

The trial was re-scheduled numerous times by the Assistant District Attorney, Geary Aycock.  Therefore, on April 23, 2007, Williams filed a motion for a speedy trial.  The motion was denied by Judge Winters.

After seventeen months of incarceration, or sometime in February 2008, Williams proceeded to trial.  According to Williams, he met with his attorney for less than 5 hours prior to trial.  Defense witnesses were not subpoenaed and the long delay between arrest and trial impaired Williams's ability to defend himself.  He was apparently convicted of some unspecified crime and remains in custody as a result.

As noted above, Williams seeks "Immediate release from incarceration, conviction overturned and all charges dropped and dismissed." [doc. 1, ¶V]

### *Law and Analysis*

Since Williams seeks a judgment voiding his conviction and his immediate release from custody, his complaint must be construed as an application for writ of *habeas corpus*.  *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir.1983) quoting, *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir.1979) ("The rule in this Circuit is that any challenge to the fact or duration of a prisoner's confinement is properly treated as a *habeas corpus* matter, whereas challenges to conditions of

confinement may proceed under Section 1983. The relief sought by the prisoner or the label he

places upon the action is not the governing factor.")

Since Williams is "... in custody pursuant to the judgment of a State court..." his *habeas*

petition is authorized by the provisions of 28 U.S.C. §2254 which also provides,

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted unless it appears
> that–
>> (A) the applicant has exhausted the remedies available in the courts of the
>> State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the
>> rights of the applicant.

"The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state

comity designed to give the State an initial opportunity to pass upon and correct alleged

violations of its prisoners' federal rights.' " *Moore v. Quarterman*, 491 F.3d 213, 220 (5th

Cir.2007)(quoting  *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir.2003)).

To satisfy the exhaustion requirement, the *habeas* petitioner must have fairly presented

the substance of his federal *habeas corpus* claims to the highest state court. *Vasquez v. Hillery*,

474 U.S. 254, 257-58, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Morris v. Dretke*, 413 F.3d 484,

491 (5th Cir.2005).

In Louisiana, the highest court is the Louisiana Supreme Court, therefore, in order to

satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner

who seeks to collaterally attack his Louisiana conviction must have presented his claims in a

procedurally correct manner to the Louisiana Supreme Court before raising those claims in

federal court.  While not specifically alleged, it is apparent that Williams has not exhausted

available State court remedies.  First, based upon the chronology supplied by petitioner, it appears that he was convicted in February 2008, less than two months before he filed his federal *habeas corpus* petition.[1]  It is not unreasonable to conclude that Williams could not have availed himself of the Louisiana appeal process in that short time span. Further, a review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ denials involving Johnny Ray Williams, Jr.

Therefore,

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* (28 U.S.C. §2254) and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE**  because Williams failed to exhaust all available State court remedies prior to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[1] This conclusion is based on Williams's allegations that (1) he was arrested on September 13, 2006; (2) he was unsuccessful in having his bond reduced and therefore he remained in custody pending trial; and (3) his trial was set "... after 17 months of oppressive incarceration..." February 2008 is seventeen months from September 2006.

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, this 21st day of May, 2008.

_____

KAREN L. HAYES
U. S. MAGISTRATE JUDGE